Stevens, J.
(dissenting). I dissent and would affirm. Whether a Trial Judge wears two hats, one as trier of the facts and one as arbiter of the law, is of little consequence in this case. The language in the trial court’s decision indicates that, even assuming that all of the evidence favoring the People is creditable, the. evidence was insufficient to establish defendant’s guilt beyond a reasonable doubt. It is clear that the court considered both the facts and the law in rendering its determination.
*170 CPL 320.20, entitled “ Non-jury trial; nature and conduct thereof ”, provides that “2. The court,, in addition to determining all questions of law, is the exclusive trier of all issues of fact and must render a verdict.” There is no separation of the court’s dual role as trier of the facts and arbiter of all questions of law. The court acts in a single capacity, albeit with a dual responsibility.
CPL article 290, entitled “ Jury Trial — Trial Order of Dismissal ”, contains CPL 290.10 (subd. 1) which permits the court to issue a trial order of dismissal at the conclusion of the People’s case or at the conclusion of all the evidence, “dismissing any count of an indictment upon the ground that the trial evidence is not legally sufficient to establish the offense charged therein or any lesser included offense.” CPL 290.10 (subd. 4) envisions the dismissal of an entire indictment.
CPL 320.20 (subd. 4) provides that “ [t]he provisions governing motion practice and general procedure with respect to a jury trial are, wherever appropriate, applicable to a non-jury trial.” (Emphasis supplied.) CPL 70.10 (subd. 1) which deals with standard of proof, defines “ ‘ Legally sufficient evidence ’ ” as competent evidence “ which, if accepted as true, would establish every element of an offense charged and the defendants’ commission thereof; except that such evidence is not legally sufficient when corroboration required by law is absent.” CPL 70.20 states, “No conviction of an offense by verdict is valid unless based upon trial evidence which is legally sufficient and which establishes beyond a reasonable doubt every element of such offense and the defendant’s commission thereof.”
In this case, the trial court’s language in dismissing the indictment leaves no doubt that it concluded that the evidence offered by the People did not meet the standards required by the statute. It should be remembered that a defendant is under no obligation to present evidence in his behalf and, while he must be afforded the opportunity to do so, he can waive that right. It is apparent from this record that he did waive the opportunity to present any evidence in his behalf.
Thus, where, after the People have rested their case, the trier of the facts concludes that the evidence is legally insufficient to establish the defendant’s guilt beyond a reasonable *171 doubt, such finding of fact and determination of law should be binding on the People and no appeal should lie therefrom.
In People v. Sabella: Order affirmed.
Chief Judge Breitbl and Judges Jasen, Gtabrielli, Jones, Babin and Stevens concur.
In People v. Fellman: Order reversed and a new trial ordered.
Chief Judge Breitbl and Judges Jasen, Gtabrielli and Jones concur with Judge Wachtlbr ; Judge Stevens dissents and votes to affirm in a separate opinion; Judge Babin taking no part.